UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DMARQUE DRIAUN DANSBY,

    Petitioner,

v.

JOHN CHRISTIANSEN,[1]

    Respondent.

Case No. 23-13006
Honorable Laurie J. Michelson

**ORDER DENYING PETITIONER'S MOTION TO STAY THE PROCEEDINGS [11] BUT GRANTING LEAVE TO AMEND**

Dmarque Driaun Dansby, incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2); aggravated stalking, Mich. Comp. Laws § 750.411i; domestic violence, Mich. Comp. Laws § 750.81(2); and being a third felony habitual offender, Mich. Comp. Laws § 769.11. After Respondent filed Rule 5 materials and a response to the petition (ECF Nos. 8–9), Dansby filed a reply (ECF No. 12) and a simultaneous motion to hold the petition in abeyance so that he can return to the

---

[1] The Court substitutes John Christiansen, the current warden of St. Louis Correctional Facility, as the respondent here. In a habeas case brought by an incarcerated petitioner, the proper respondent is the warden of the facility where the petitioner is incarcerated. *See* Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, Rule 2(a) (amended 2019); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–36 (2004).

1

state courts to exhaust additional claims (ECF No. 11). For the reasons stated below, the Court denies the motion to stay.

I.

Dansby was convicted following a jury trial in the Genesee County Circuit Court. His conviction was affirmed on direct appeal. *People v. Dansby*, No. 351034, 2022 WL 70012 (Mich. Ct. App. Jan. 6, 2022), *lv. den.* 981 N.W.2d 472 (Mich. 2022). Dansby did not seek collateral review in the state courts.

Dansby has now filed a federal habeas petition seeking relief on a single claim. (ECF No. 1.) He says his Fourteenth Amendment due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated when the police, in bad faith, destroyed, withheld, suppressed, and failed to preserve potentially useful evidence. (*Id.*)

In his motion to stay the proceedings, Dansby indicates that he wishes to exhaust five additional claims in a post-conviction motion in state court: (1) trial counsel was ineffective; (2) the prosecution presented perjured testimony; (3) a *Brady* violation (presumably different than the claim he is currently raising); (4) fraud on the court; and possibly (5) an actual innocence claim.[2] (ECF No. 11.) It appears that he may have raised at least some of these claims on direct appeal. *Dansby*, 2022 WL 70012 at **3, 7, 9 (addressing ineffective assistance of counsel claims); *id.* at *6–7,

---

[2] Dansby states that his "claims are in the pursuit of justice[,]" "address actual innocence[,]" and that it would be a "miscarriage of justice if his claims are . . . ignored." (ECF No. 11, PageID.2217.) A free-standing claim of actual innocence, however, is not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 416 (1993); *see also Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007) (finding Sixth Circuit caselaw supports a finding that free-standing claims of innocence are not cognizable on federal habeas review).

*10–11 (addressing *Brady* claims); *id*. at *11 (addressing claims of perjured testimony). But for some reason, he did not include them in his habeas petition.

## II.

A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F.3d 718, 724 (6th Cir. 2005).

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). But stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277. "Stay and abeyance, if employed too frequently, . . . frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings . . . [and] AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*.

Here, the Court finds that Dansby's request for a stay is unwarranted.

3

First, he does not provide any details about the claims he wishes to exhaust. True, this means the Court cannot say the claims are "plainly meritless." *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). But likewise the Court cannot conclude that they are meritorious.

Second, it appears he has already exhausted at least some of these claims on direct appeal. *See Dansby*, 2022 WL 70012, at *3, *6–11. Yet he did not include these claims in his habeas petition, did not explain this omission, and did not move to amend the petition.

Third, he does not demonstrate good cause to excuse his failure to exhaust these claims before bringing his habeas petition or for failing to include already exhausted claims in his habeas petition. He says he is "inexperienced and trying his hardest to prove his innocence." (ECF No. 11, PageID.2222.) But that is not enough to satisfy the good cause standard. And while there may be concerns about the statute of limitations, Dansby likewise provides no explanation for waiting until he received the response to his habeas petition to seek collateral proceedings in state court.

And finally, to grant a stay and abeyance at this late stage of the case—when the fully exhausted petition is fully briefed—would frustrate AEDPA's objective of finality. *See Watts v. Johnson*, No. 20-933, 2020 U.S. Dist. LEXIS 227191, at *4 (C.D. Cal. July 23, 2020) ("[G]ranting a stay at this point in the proceedings, when the Petition is both fully exhausted and nearly fully briefed, is precisely the type of stay that would impede the federal habeas statute's objective of encouraging finality." (citing *Ryan v. Gonzales*, 568 U.S. 57, 76 (2013)).

### III.

Accordingly, the Court hereby DENIES Dansby's motion to stay and hold his habeas petition in abeyance. (ECF No. 11.)

However, since it appears that Dansby did exhaust similar (if not identical) claims on direct appeal (*see* ECF No. 9-37), the Court will permit Dansby to amend his petition to include those claims which he has already exhausted: his claim that the prosecutor presented perjured testimony (*id.* at PageID.2039), his ineffective assistance of counsel claims relating to his attorney's failure to identify or investigate a neighbor (*id.* at PageID.2058) and his failure to elicit testimony and call witnesses during trial (*id.* at PageID.2075), his *Brady* claim related to the prosecutor's failure to produce 9-1-1 calls (*id.* at PageID.2066), and his claim of newly discovered phone records (*id.* at PageID.2086). If he would like to raise these issues, he shall file an amended habeas petition by June 23, 2025. The government's response to the amended petition will be due July 23, 2025. If Dansby does not file an amended petition by June 23, the Court will adjudicate his petition as currently filed.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge

Dated: April 22, 2025