UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DMARQUE DRIAUN DANSBY,

    Petitioner,

v.

MATT MACAULEY,

    Respondent.

Case No. 23-13006
Honorable Laurie J. Michelson

**ORDER REQUIRING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER TO THE AMENDED HABEAS PETITION [17, 18] AND DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT [15]**

Dmarque Driaun Dansby filed a *pro se* Application for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Dansby subsequently moved to hold the case in abeyance to return to the state courts to exhaust additional claims. On April 22, 2025, the Court denied the motion to hold the case in abeyance, but granted Dansby additional time to file an amended habeas petition to raise additional claims that had already been exhausted with the state courts but not included in his initial petition. Dansby was given until June 23, 2025, to file an amended habeas petition and Respondent was given until July 23, 2025, to file a supplemental answer if an amended habeas petition was timely filed. (ECF No. 14).  On June 17, 2025, Dansby signed and dated an amended habeas petition that, for some unknown reason, he separated into two distinct filings. (ECF Nos. 17, 18.) The Court received them on June 26, 2025, and intends to merge them and treat as one petition. (ECF Nos. 17,

18).[1] Respondent, however, has yet to file a supplemental answer even though ordered to do so if Petitioner filed an amended habeas petition. (ECF No. 14, PageID.2277.)

Delays by the state in responding to a petition for a writ of habeas corpus "can, in and of themselves, prejudice a petitioner by creating a bar to a merits review of a prisoner's constitutional claims." *Burgess v. Bell,* 555 F. Supp. 2d 855, 857 (E.D. Mich. 2008) (Lawson, J.). Moreover, "Rapid adjudication of habeas petitions is important because . . . the writ of habeas corpus exists so that people wrongly detained may obtain freedom." *Wilkerson v. Jones,* 211 F. Supp. 2d 856, 860 (E.D. Mich. 2002) (Gadola, J.).

This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Dansby's habeas petition. *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001) (Tarnow, J.). 28 U.S.C. § 2243. Based upon the foregoing, the Court orders Respondent to file a supplemental answer to the amended petitions for a writ of habeas corpus within thirty (30) days of this order. Dansby has forty-five (45) days following receipt of the answer to file a reply.

---

[1] "Under the "prison mailbox rule," submissions by *pro se* petitioners are considered filed at the moment of delivery to prison officials for mailing." *Willis v. Trierweiler*, No. 2:17-CV-10390, 2021 WL 4169962, at *3 (E.D. Mich. Sept. 14, 2021) (citing *Houston v. Lack*, 487 U.S. 266, 271–72 (1988)). Dansby has signed a proof of service under the penalty of perjury that he placed his two amended petitions into the prison mail on June 17, 2025. (ECF No. 18, PageID.2443). Because Dansby placed his amended habeas petitions in the prison mail for delivery to this Court on June 17, 2025, the amended petitions were timely filed within the deadline set by this Court. *Id.*

That should finalize the briefing for Dansby's operative habeas petition. Thus, the Court takes the opportunity to address his previously filed motion to alter or amend the judgment under Federal Rules of Civil Procedure 59(e) and 60(b). (ECF No. 15.) No judgment has yet been entered in this case and thus, those provisions are inapplicable. Instead, Dansby was seeking to challenge the Court's order denying his motion to stay the proceedings. (*Id*.) But this was a non-final order that under this District's Local Rules could only be challenged by a motion for reconsideration filed within 14 days of entry of the order. E.D. Mich. LR 7.1(f)(2). Dansby's motion was untimely. And it did not satisfy any of the grounds for relief—it identified no mistake by the Court, no intervening law that required a different outcome, and no new facts warranting a different outcome that could not have been discovered with due diligence at the time Dansby filed the underlying motion to stay. *Id*.

Thus, Dansby's motion to alter or amend judgment (ECF No. 15) is DENIED. As this Court does not provide legal advice to the litigants, it declines to address Dansby's questions pertaining to an appeal of this order.

SO ORDERED.

Dated: August 22, 2025

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
United States District Judge