UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DMARQUE DRIAUN DANSBY,

Petitioner,

v.

JOHN CHRISTIANSEN,

Respondent.

Case No. 23-13006
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION FOR EXTENSION OF TIME [35], RECONSIDERATION [36], AND CERTIFICATE OF APPEALABILITY [37]**

Dmarque Driaun Dansby, incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 3, 17, 18.) He challenged his jury trial convictions for first-degree home invasion, aggravated stalking, domestic violence, and being a third habitual offender. (*Id.*) After review, the Court denied the petition (ECF No. 32) and declined to issue a certificate of appealability (ECF No. 33).

Dansby seeks to challenge those decisions. He filed a motion for an extension of time to file (ECF No. 35), a motion for reconsideration (ECF No. 36), and a motion for certificate of appealability (ECF No. 37).

For the following reasons, those motions are DENIED.

**I.**

Dansby seeks reconsideration under Local Rule 7.1(h)(1). (ECF No. 36, PageID.2829.) But this rule limits motions for reconsideration to non-final orders.

E.D. Mich. LR 7.1(h)(1). The ruling on his habeas petition was a final order. Thus, consistent with the District's Local Rules, the Court construes Dansby's motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or, for reasons discussed below, a motion for relief from judgment under Rule 60(b)(6).

**A.**

First, Dansby seeks an extension of time to file his motion for "rehearing."(ECF No. 35.) Rule 59(e) provides that a party may move "to alter or amend a judgment" within 28 days of entry of judgment. "Under the prison mailbox rule, an incarcerated plaintiff's complaint is deemed filed on the date that it is handed to a prison official for mailing to the court." *Hawkins v. Helton*, No. 20-135, 2021 WL 4097274, at *3 (E.D. Ky. Sept. 7, 2021) (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002)). Dansby provided his motion to prison authorities on March 16, 2026, so it was "filed" within 28 days of the Court's February 17, 2026, opinion. (*Compare* ECF No. 36, PageID.2839, *with* ECF No. 32, PageID.2822.) And a Rule 60(b)(6) motion need only be made within "reasonable time." The Court finds that Dansby's motion, filed 27 days after the Court's order was issued, is reasonable.

Because his motion for reconsideration was timely filed under either 59(e) or (60(b)(b)), Dansby's motion for an extension (ECF No. 35) is denied as MOOT.

**B.**

Relief under Rule 59(e) is discretionary. *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening

change in controlling law; or (4) a need to prevent manifest injustice." *Id.* Importantly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Dansby's motion does not satisfy any of Rule 59(e)'s subsections, because he merely relitigates the issues in his habeas petition. He again, argues that the responding officer failed to collect and preserve the assault victim's bloodied and soiled clothing, in violation of *Brady v. Maryland* and *Arizona v. Youngblood* . (ECF No. 36, PageID.2830.) In his telling, the clothing contained fabricated blood meant to frame him. (*Id.* at PageID.2831–2832.) The Court addressed this issue at length, finding the state court's decision was not contrary to Supreme Court law. (ECF No. 32, PageID.2810–2812 (concluding that the state court did not error in finding the clothing had low exculpatory value and that the officer did not act in bad faith).)

Same with his ineffective assistance of counsel claims. Dansby, once again, states that his counsel failed to investigate the neighbor who called 9-1-1, the victim's employment records, and various witnesses for perjury. (ECF No. 36, PageID.2833–2836.) But the Court considered and rejected these arguments. (ECF No. 32, PageID.2815–2818.) It found that the Michigan Court of Appeals was not unreasonable in rejecting these claims because there was no evidence that further investigation of the neighbor or the work records would be exculpatory to Dansby, and the record showed Dansby's trial counsel emphasized the weaknesses in victim and witness testimony during closing arguments. (*Id.*)

In denying Dansby's ineffective assistance of counsel claims, the Court concluded that he was not entitled to an evidentiary hearing. (ECF No. 32, PageID.2818 ("Dansby offered no evidence beyond his own assertions as to whether these witnesses would have testified and what the content of their testimony would have been. Thus, his claims fail." (internal citation omitted).)

In short, Dansby has simply reiterated arguments the Court has already ruled on. He has not pointed to any clear error of law in that ruling. Nor has he identified any newly discovered evidence, intervening change in controlling law, or need to prevent manifest injustice sufficient to warrant a different result. There is no basis for relief under Rule 59(e).

**C.**

Dansby does not fare any better under Rule 60(b). That Rule provides six grounds upon which a Court may relieve a party from a final judgment (Fed. R. Civ. P. 60(b)(1)–(b)(5)), but Dansby's motion could only fall under the "catchall provision" of Rule 60(b)(6). *See McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir. 2002) (explaining that subsections (6) and (1) are "mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable").

That provision provides that a court may relieve a party from a final judgment for "any" reason that justifies relief. Fed. R. Civ. P. 60(b)(6). This provision "vests courts with a deep reservoir of equitable power to vacate judgments to achieve substantial justice in the most unusual and extreme situations." *Zagorski v. Mays*,

907 F.3d 901, 904 (6th Cir. 2018). Dansby has not shown that this is such an "unusual and extreme" case. Nothing he re-argued persuades the Court that it must set aside its prior order.

Thus, Dansby's motion for reconsideration is denied.

**D.**

Lastly, Dansby also seeks a certificate of appealability (ECF No. 37.) His motion restates his five claims for relief from the initial habeas petition. (*Id.* at PageID.2841–2851 (discussing failure to preserve the victim's soiled clothing and his counsel's decisions to not call a blood spatter expert, investigate the neighbor who called 9-1-1, obtain the victim's employment records, and demonstrate witness perjury).) The Court already declined to issue a certificate of appealability on the ground that no reasonable jurist could find that the petition should have been resolved in a different matter. (ECF No. 33, PageID.2823.) Dansby's present motion has done nothing to persuade the Court otherwise. Dansby, however, is free to request a certificate of appealability from the Court of Appeals. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Indeed, he has already filed a notice of appeal (ECF No. 38) which can now proceed following this Court's ruling on the reconsideration motion.

Thus, Dansby's motion for a certificate of appealability (ECF No. 37) is DENIED.

## II.

For the foregoing reasons, Dansby's motion for an extension of time to file (ECF No. 35), motion for reconsideration (ECF No. 36), and motion for certificate of appealability (ECF No. 37) are DENIED.

IT IS SO ORDERED.

Dated: October 1, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE